Filed 10/26/23  P. v. Adams CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079691 |
| v. | (Super.Ct.No. FVI800765) |
| GABRIEL ANTHONY ADAMS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Kawika Smith, Judge.  Reversed and remanded with directions.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Alan Amann and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

I.

INTRODUCTION

Defendant and appellant Gabriel Anthony Adams appeals from an order summarily denying his petition to vacate his voluntary manslaughter conviction and be resentenced under Penal Code section 1172.6.[1] He contends that the trial court erred in denying his petition without issuing an order to show cause and conducting an evidentiary hearing because his record of conviction does not conclusively establish his ineligibility as a matter of law. Defendant also argues his trial counsel was ineffective in stipulating to defendant's ineligibility at the prima facie stage. Based on our independent review, we find the trial court erred in denying defendant's petition at the prima facie stage. We thus reverse the order and remand the matter to the trial court with directions to issue an order to show cause and hold an evidentiary hearing under section 1172.6, subdivision (d).[2]

---

[1] Subsequent unspecified statutory references are to the Penal Code. Defendant filed his petition for resentencing under former section 1170.95, which the Legislature later renumbered to section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.) We hereafter cite to section 1172.6 for ease of reference.

[2] Because we find the trial court erred in impliedly engaging in factfinding at the prima facie stage, we need not address defendant's claim his counsel was ineffective.

II.

FACTUAL AND PROCEDURAL BACKGROUND[3]

On April 6, 2008, at approximately 12:30 a.m., sheriff's dispatch received multiple 911 calls for shots heard and a gunshot victim in the area of Hohokam Road in the city of Apple Valley. Deputies arrived and found the victim on the sidewalk in front of a home, bleeding from a gunshot wound to his upper chest. Fire personnel arrived on scene and transported the victim to a hospital, where he died from the gunshot wound.

Following an investigation, detectives learned the victim and several of his friends attended a party at a home on Hohokam Road, along with a second group of people that included defendant and codefendants, Matthew Santos and Jose Acosta. During the party, the victim and Acosta got into an argument inside the residence. The two eventually moved to the backyard and engaged in a fist fight. The argument and fist fight were witnessed by multiple individuals. The victim was the reported winner of the fight, with Acosta receiving a split lip. Defendant and his cohorts were later ejected and told to leave the party. As they left, the group made comments they would return, and that "the others did not know what was coming to them."

Defendant and Santos got into Acosta's vehicle and returned to their own residence, where they picked up a fourth person, codefendant Steve Martinez. When they arrived at their home, defendant asked Santos if he still had a gun. Santos indicated he

---

[3] The factual background is taken verbatim from this court's nonpublished opinion in defendant's prior nonpublished appeal, case No. E072512. (*People v. Adams* (Feb. 25, 2020, E072512) (*Adams II*).) We took judicial notice of our prior nonpublished opinions in case Nos. E052681 and E072512.

did, and defendant told him to get the gun. Santos looked to Acosta and asked him if he should get the gun, and Acosta told him yes. Santos thereafter retrieved a 20-gauge shotgun and ammunition and placed the items in the trunk of Acosta's vehicle. Martinez agreed to go with the other three to get revenge on the victim for beating up Acosta.

While en route back to the party, defendant confirmed with Santos that he brought the shotgun with them. All four occupants in the vehicle had knowledge the shotgun was in the car. When they arrived at the residence, they saw a sheriff's vehicle in the street and waited for it to leave. Once it was gone, Acosta drove the vehicle down the street to the front of the party, and they all got out.

The victim and his friends were hanging out in the street in front of the residence. Defendant and Martinez approached the victim and his friends, and the two groups exchanged words. Defendant yelled for Santos to "'bring it out,' meaning to get the gun, and [Acosta] opened the trunk." Santos put socks over his hands, grabbed the .20-gauge shotgun, loaded it, and then walked towards the two groups with the shotgun at his side.

As Santos neared the group, he raised the shotgun. Defendant told Martinez to move, and Martinez stepped to the side. Santos pointed the shotgun at the victim and said, "'What now?'" Meanwhile, defendant and the rest of his codefendants encouraged Santos to shoot the victim. Santos pulled the trigger and shot the victim in the chest.

Santos ran from the shooting with the shotgun and met defendant in a vacant field. Thereafter, they ran back to their residence where they met Martinez and Acosta and concealed the shotgun and ammunition. All four talked about the incident and what they

4

would say if questioned by police. Santos was identified as the shooter and admitted to shooting the victim during an interview.

On May 5, 2008, an information was filed charging defendant and his three codefendants with murder (§ 187, subd. (a); count 1) and active participation in a criminal street gang (§ 186.22, subd. (a); count 2). As to count 1, the information also alleged that a principal personally and intentionally discharged a firearm, proximately causing great bodily injury and death to the victim (§ 12022.53, subds. (d) & (e)(1)); that a principal personally and intentionally discharged a firearm (§ 12022.53, subds. (c) & (e)(1)); that a principal personally used a firearm (§ 12022.53, subds. (b) & (e)(1)); and that the offense was committed for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by gang members (§ 186.22, subd. (b)(1)(C)).

On July 23, 2010, the People amended the information by interlineation to add count 3, voluntary manslaughter (§ 192, subd. (a)), with attendant allegations that defendant personally used a firearm (§ 12022.5, subd. (a)) and that the offense was committed for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)(C)). Pursuant to a negotiated disposition, defendant thereafter pled guilty to count 3 and admitted the attendant enhancement allegations. In return, the People agreed to a stipulated term of 25 years and dismissal of the remaining allegations. A factual basis for the plea was established.

On November 24, 2010, after the trial court denied defendant's motion to withdraw his guilty plea and admissions, the court sentenced defendant to the agreed-upon term of 25 years in state prison, consisting of 11 years for the voluntary manslaughter conviction, a consecutive term of 10 years for the gang enhancement, plus four years for the firearm allegation. The court also dismissed the remaining charges and enhancement allegations and awarded defendant 1,107 days of credit for time served.

On December 20, 2011, in case No. E052681, we modified the judgment by striking imposition of certain fees. In all other respects, we affirmed the judgment. (*People v. Adams* (Dec. 20, 2011, E052681) [nonpub. opn.].)

On January 10, 2019, defendant filed a petition pursuant to former section 1170.95 (§ 1172.6), seeking to vacate his voluntary manslaughter conviction and asking for resentencing in light of Senate Bill No. 1437. (*Adams II*, *supra*, E072512.)

On March 14, 2019, the trial court summarily denied defendant's petition, finding defendant was not entitled to relief as a matter of law because defendant had not been convicted of murder. Defendant subsequently appealed, and on February 25, 2020, in case No. E072512, we affirmed the judgment.

On January 3, 2022, defendant filed a second petition for resentencing in light of Senate Bill No. 775, which expanded resentencing eligibility to persons convicted of manslaughter based on the felony-murder rule or murder under the natural and probable consequences doctrine or any other theory under which malice was imputed to a person

based solely on that person's participation in a crime. In support, defendant attached excerpts of testimony from the preliminary hearing transcript.

The trial court appointed counsel for defendant and provided the parties the opportunity for briefing and to obtain transcripts of the relevant hearings. On August 12, 2022, the court held a hearing to determine defendant's eligibility. At that time, defendant's appointed counsel informed the court that "In reviewing [the People]'s preliminary opposition as well as the records that have been provided to me, including the preliminary hearing transcript, . . . I have to concur with the People's position that [defendant] is ineligible for relief under what is now [section 1172.6], as he was prosecuted under an aider and abettor theory, not a felony murder or natural probable consequence theory." The trial court thereafter immediately denied defendant's petition for resentencing. The court explained, "So having reviewed the motions and there has been no opposition to the opposition, . . . the Court will find that [defendant] is not eligible for relief and dismiss the petition." Defendant timely appealed.

III.

DISCUSSION

On appeal, defendant argues the trial court erred in denying his petition because his record of conviction does not conclusively establish his ineligibility as a matter of law and the court impermissibly made factual findings at the prima facie stage. He also asserts his trial counsel was ineffective in stipulating to defendant's ineligibility at the prima facie stage. Defendant contends the court should have issued an order to show

7

cause and conducted an evidentiary hearing. The People request that we take judicial notice of the reporter's transcript, the clerk's transcript, and the preliminary hearing transcript in case No. E052681, and argue that the record conclusively establishes defendant was ineligible for relief as a matter of law and thus the trial court did not err in summarily denying the petition for resentencing.[4]

A. *Legal Background*

After defendant's conviction, effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.), which amended sections 188 and 189, the laws pertaining to felony murder and murder under the natural and probable consequences doctrine, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); see *People v. Gentile* (2020) 10 Cal.5th 830, 846-847 (*Gentile*).) The Legislature accomplished this by amending sections 188 and 189.

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of [s]ection 189, in order to be convicted of murder, a principal in a crime

_____

[4] Defendant opposes the People's request for judicial notice as there is no indication in the record that the trial court considered, evaluated, or relied on the reporter's transcript, clerk's transcript, or the preliminary hearing transcript in case No. E052681, or that the People had proffered these transcripts before the prima facie hearing. Because it is unnecessary for our resolution of the issues on appeal, we deny the People's request to judicially notice the reporter's transcript, the clerk's transcript, and the preliminary hearing transcript in case No. E052681.

8

shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime."  (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.)

Section 189, subdivision (e), now limits the circumstances under which a person may be convicted of felony murder:  "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1) The person was the actual killer.  [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2."  (Stats. 2018, ch. 1015, § 3.)

In October 2021, the Legislature enacted Senate Bill No. 775, which became effective on January 1, 2022.  Senate Bill No. 775 clarified that persons convicted of manslaughter and attempted murder are not categorically barred from resentencing under section 1172.6.  (Stats. 2021, ch. 551, § 2; Legis. Counsel's Dig., Sen. Bill No. 775 (2021-2022 Reg. Sess.).)  Section 1172.6 now reads, in pertinent part:  "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced

9

the petitioner to have the petitioner's . . . manslaughter conviction vacated and to be resentenced on any remaining counts when all of the . . . conditions [enumerated in section 1172.6, subdivision (a)] apply[.]"  (§ 1172.6, subd. (a).)

Senate Bill No. 1437 also created a procedure for offenders previously convicted of felony murder or murder under the natural and probable consequences doctrine to seek retroactive relief if they could no longer be convicted of murder or manslaughter under the new law.  (§ 1172.6, subd. (a); *Gentile*, *supra*, 10 Cal.5th at p. 843; *People v. Lewis* (2021) 11 Cal.5th 952, 959; *People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).) "[T]he process begins with the filing of a petition containing a declaration that all requirements for eligibility are met [citation], including that '[t]he petitioner could not presently be convicted of murder or attempted murder [or manslaughter] because of changes to . . . [s]ection 188 or 189 made effective January 1, 2019 . . . .'"  (*Strong*, at p. 708, fn. omitted.)

Specifically, all of the following conditions must apply to warrant section 1172.6 relief:  "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine[,] or other theory under which malice is imputed to a person based solely on that person's participation in a crime"; "(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder"; and "(3) The petitioner could not presently be convicted

of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).)

Section 1172.6, subdivisions (b) and (c), require the court to appoint counsel for all properly pleaded petitions, and then conduct a prima facie analysis, with briefing by the parties, as to the petitioner's eligibility before determining whether to issue an order to show cause. (*Lewis*, *supra*, 11 Cal.5th at p. 957.) "When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' [Citations.] If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Strong*, *supra*, 13 Cal.5th at p. 708.) "[O]nly after the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.'" (*Lewis*, at p. 957, italics omitted; see *id*. at p. 966; see *People v. Flores* (2022) 76 Cal.App.5th 974, 988 (*Flores*).) In cases where the conviction resulted from a guilty plea rather than a trial, the record of conviction may include the transcript of the defendant's preliminary hearing testimony when the transcript "reliably reflect[s] the facts of the offense for which the defendant was convicted." (*People v. Reed* (1996) 13 Cal.4th 217, 223; see *People v. Patton* (2023) 89 Cal.App.5th 649, 657 (*Patton*), review granted June 28, 2023, S279670 [summary denial of section 1172.6 petition affirmed based on uncontroverted testimony at preliminary hearing].) "The record of conviction,"

11

our Supreme Court has explained, "will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless. This is consistent with the statute's overall purpose: to ensure that murder culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process." (*Lewis*, *supra*, 11 Cal.5th at p. 971.)

The court's "prima facie inquiry . . . is limited. . . . '"[T]he court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause."' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.'" (*Lewis*, *supra*, 11 Cal.5th at p. 971.) In reviewing a section 1172.6 petition, the court may rely on "the procedural history of the case recited in any prior appellate opinion." (§ 1172.6, subd. (d)(3); *People v. Clements* (2022) 75 Cal.App.5th 276, 292 (*Clements*).) However, the role of the appellate opinion is limited, and the court may not rely on factual summaries contained in prior appellate decisions or engage in fact finding at the prima facie stage. (*Clements*, at p. 292; *Lewis*, at p. 972.) Although, in reviewing the record of conviction, courts "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion'" (*Lewis*, at p. 972), when "the record . . . makes clear that [the petitioner] was the actual killer and the only participant in the killing," the petitioner "is not entitled to any relief under

12

section 1172.6." (*People v. Delgadillo* (2022) 14 Cal.5th 216, 233; see *People v. Garcia* (2022) 82 Cal.App.5th 956, 969-971 [where record of conviction "unequivocally establishes that defendant was the 'actual killer,'" defendant is not entitled to relief under section 1172.6 as a matter of law].)

If a petitioner has made a prima facie showing of entitlement to relief, "'the court shall issue an order to show cause.'" (*Strong*, *supra*, 13 Cal.5th at p. 708.) Once the court determines that a defendant has made a prima facie showing, it "must [then] hold an evidentiary hearing at which the prosecution bears the burden of proving, 'beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder' under state law as amended by Senate Bill [No.] 1437. [Citation.] 'A finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' [Citation.] 'If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges.'" (*Strong*, at p. 709; accord, *Lewis*, *supra*, 11 Cal.5th at p. 960.)

Senate Bill No. 775 also made substantive amendments to section 1172.6 that were consistent with *Lewis*. As relevant herein, section 1172.6, subdivision (d)(3), states the limitations on evidence admissible at an evidentiary hearing: "The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible

13

under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion. However, hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of [s]ection 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule." (§ 1172.6, subd. (d)(3).)

We independently review the trial court's determination that the petitioner failed to make a prima facie showing for relief. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52; *People v. Eynon* (2021) 68 Cal.App.5th 967, 975.) A denial at this stage is appropriate only if the record of conviction demonstrates that the petitioner is ineligible for relief as a matter of law. (*Lewis*, *supra*, 11 Cal.5th at p. 960.)

B. *Analysis*

As relevant here, defendant's petition included the three qualifying conditions specified in subdivision (a)(1) through (3) of section 1172.6, by alleging the charging document filed against him allowed the prosecution to proceed under the felony-murder rule or natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, that he pled guilty to voluntary manslaughter in lieu of a trial at which he could have been convicted of murder, and that he could not presently be convicted of murder because of changes to section 188 or 189 made effective January 1, 2019. Defendant included other information required by section 1172.6, subdivision (b)(1), and requested appointment of

14

counsel. Defendant also attached Senate Bill No. 775 and portions of two detectives' testimony from the preliminary hearing which showed defendant was not the actual shooter but encouraged Santos to bring the gun and shoot the victim.

As defendant's petition was facially sufficient, the trial court was required to appoint counsel, invite the prosecution to file and serve a response, and allow defendant to file and serve a reply prior to assessing whether a prima facie case for relief was made under the statute. (§ 1172.6, subds. (b) & (c); see *Lewis*, *supra*, 11 Cal.5th at pp. 957, 960, 962, 964.) The court was further required to accept defendant's factual allegations as true and make a preliminary assessment of entitlement to relief if the allegations were proved. Only where the record of conviction contains established facts showing that defendant is ineligible for resentencing as a matter of law may the court find no prima facie showing has been made. (See *Lewis*, at p. 971; *People v. Duchine* (2021) 60 Cal.App.5th 798, 815.) "[A]s a matter of law" means that the record of conviction conclusively refutes the allegations of the petition without resort to factfinding, weighing of evidence, or credibility determinations. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)

The trial court did not specify the documents reviewed but relied solely upon the motions submitted by the parties to deny defendant's petition. Defendant's section 1172.6 petition included excerpts of testimony from the preliminary hearing transcript. The People's opposition included recitation of testimony of two investigating detectives from the preliminary hearing. There is no indication in the record to show the

15

trial court had the entire preliminary hearing transcript or that it had reviewed the entire preliminary hearing transcript before denying the petition.

Courts of Appeal are split on the significance of the preliminary hearing transcript in determining whether a petitioner has made a prima facie case for resentencing under section 1172.6, and the issue is now before the Supreme Court.[5] (*Patton*, *supra*, 89 Cal.App.5th at p. 657; *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1161 [court may consider information contained in the preliminary hearing transcript when it is stipulated as the factual basis for the plea]; *People v. Davenport* (2021) 71 Cal.App.5th 476, 481 [court held preliminary hearing transcript was part of the record of conviction, but concluded the trial court erroneously relied on that transcript to make the prima facie determination because the defendant "did not stipulate to the transcript as a factual basis for his plea"]; contrast, *Flores*, *supra*, 76 Cal.App.5th at p. 991 [information in the preliminary hearing transcript may not be used to find a petitioner is ineligible for relief as a matter of law].)

In this case, it appears the trial court relied on excerpts from the preliminary hearing as presented by defendant and the People before denying the section 1172.6 petition. However, this evidence does not conclusively show defendant was ineligible for relief as a matter of law without making factual findings. In addition, neither the information nor the plea excluded defendant from resentencing eligibility as a matter of

---

[5] Because we conclude that the trial court erred by implicitly engaging in factfinding at the prima facie stage, we need not and do not reach the question of whether the preliminary hearing transcript may be reviewed in deciding whether a resentencing petition states a prima facie claim for relief.

16

law, and defendant's petition was adequate under the statute. There is no indication in the documents provided to the trial court that defendant admitted to the truth of the testimony contained in the preliminary hearing and his stipulation that the transcript provided a factual basis for the plea "is not a '"binding admission for all purposes."'" (*Flores*, *supra*, 76 Cal.App.5th at p. 991.) Even if it was, the preliminary hearing testimony, which consisted primarily of hearsay testimony from two investigating detectives, standing alone, does not conclusively establish as a matter of law that defendant was the actual killer, acted with intent to kill or express malice, or was a major participant in an underlying crime who acted with reckless indifference to human life without making factual findings and credibility determinations. It does not exclude the possibility that defendant was, or could have been, convicted under the imputed malice theories eliminated by Senate Bill Nos. 775 and 1437. To find defendant ineligible for resentencing on this record would require judicial factfinding, which is impermissible at the prima facie stage. (*Lewis*, *supra*, 11 Cal.5th at p. 971.)

We conclude the trial court improperly relied on the preliminary hearing evidence to make factual findings when it found defendant's petition failed to state a prima facie case for resentencing. Nothing in the record establishes as a matter of law that defendant was ineligible for relief. The trial court's implicit finding that defendant was a direct aider and abettor rests on the type of factfinding in which the trial court may not engage at the prima facie stage.

IV.

DISPOSITION

The trial court's order denying defendant's section 1172.6 petition for resentencing is reversed and the matter is remanded with directions. On remand, the trial court shall issue an order to show cause and hold an evidentiary hearing pursuant to section 1172.6, subdivision (d)(3).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:


McKINSTER

    Acting P. J.


MILLER

    J.